John P. STREICHER,
Petitioner/Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Respondent/Appellant.

No. ED 91050.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 27, 2009.

James Chenault III, Jefferson City, MO, for Appellant.

Travis Noble, Clayton, Carl Ward, co-counsel, Jason Korner, co-counsel, Washington, MO, for Respondent.

BOOKER T. SHAW, Presiding Judge.

The Director of Revenue appeals the trial court's judgment reinstating John P. Streicher's driving privileges after the Director suspended them pursuant to section 302.505 RSMo 2000.[1] The trial court found that the Director's evidence failed to show the police officer had probable cause to arrest Streicher for driving while intoxicated. We reverse and remand with instructions.

In May 2007, a St. Charles County police officer arrested Streicher for driving while intoxicated after the officer responded to an automobile collision on Highway 94 involving Streicher and two other vehicles. Streicher admitted to falling asleep while driving and striking the other vehicles. The officer smelled alcohol on Streicher's breath and observed that his eyes were bloodshot and glassy. Streicher admitted that he had been drinking and consented to a portable breath test, which showed positive for the presence of alcohol. Streicher was then placed under arrest for driving while intoxicated. At the station, the officer administered another breath analysis test which revealed a blood alcohol content of .102 percent. Streicher's license was subsequently suspended pursuant to section 302.505. After an administrative law judge upheld the suspension, Streicher filed a petition for trial de novo in St. Charles County circuit court, and the trial court reinstated his driving privileges. This appeal follows.

At trial, the court admitted an exhibit that included inter alia a four-page alcohol influence report, the officer's narrative report, a breath test ticket, a maintenance report, and a certificate of analysis. Streicher stipulated to the officer's credibility and the accuracy of his report included in the Director's exhibit. Streicher submitted no evidence and no witnesses testified. The trial court found that the police officer did not have probable cause to arrest Streicher for driving while intoxicated and ordered reinstatement of Streicher's license.

■ The Director appeals, claiming trial court error in reinstating Streicher's driver's license because the evidence established that the officer had probable cause to arrest Streicher for driving while intoxicated. The Director contends that the trial court misapplied the law in holding that the officer's failure to perform field sobriety tests and the officer's lack of explanation as to why these tests were not performed contributed to the lack of probable cause.

■ This Court's review of the trial court's judgment reinstating Streicher's license, after it had been administratively suspended under section 302.505 for DWI, is the same as in any other judge-tried case and is governed by Murphy v. Carron.[2] Smith v. Director of Revenue, 13 S.W.3d 700, 704–05 (Mo.App. W.D.2000). The trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Id.

1. All further statutory references are to RSMo 2000, unless otherwise stated.

2. 536 S.W.2d 30 (Mo. banc 1976).

In determining whether probable cause existed at the time of arrest, the trial court views the facts as they "would have appeared to a prudent, cautious, and trained police officer." *Hopkins–Barken v. Director of Revenue,* 55 S.W.3d 882, 885 (Mo.App. E.D.2001). Moreover, field sobriety tests are not mandatory to determine probable cause. *Brown v. Director of Revenue,* 85 S.W.3d 1, 6 (Mo. banc 2002).

Based on our standard of review, we find that the trial court's judgment was against the weight of the evidence. There is uncontroverted evidence from which the police officer could find probable cause to believe that Streicher was intoxicated.

We reverse and remand to the trial court with instructions to enter a judgment reinstating the suspension of Streicher's driving privileges.

KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J., concur.